UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RUSSELL MILLER** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO.** |
| | * | |
| **DEON D. DANNA, SR.,** | * | **JUDGE** |
| **K. RANDALL EVANS, ESQ., and** | * | |
| **EVANS & CLESI, APLC** | * | **MAGISTRATE** |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

Russell Miller, Plaintiff, through his undersigned counsel, avers and states as follows:

### The Parties

1. Plaintiff Russell Miller is an adult resident and citizen of the Commonwealth of The Bahamas ("The Bahamas").

2. Deon D. Danna, Sr. ("Mr. Danna" or "Defendant Danna"), a resident of the full age of majority of Parish of Jefferson, State of Louisiana, is made a Defendant herein.

3. K. Randall Evans, Esq. ("Mr. Evans" or "Defendant Evans"), a resident of the full age of majority of the Parish of Orleans, State of Louisiana, is made a defendant herein.

4. Evans & Clesi, A Professional Law Corporation, a Louisiana corporation whose principal place of business is located in the Parish of Orleans, State of Louisiana, is made a defendant herein.

### Jurisdiction and Venue

5. This Court has jurisdiction over this matter based on 28 USC 1332 and any other applicable law because: Plaintiff is a citizen of The Bahamas, a foreign state, is not lawfully admitted for permanent residence in the United States and is not domiciled in the State of

Page 1

Louisiana; and, Defendant Danna and Defendant Evans (collectively "Defendants") and Evans & Clessi, APLC, are citizens and residents of the State of Louisiana; and, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6.   This Court is a proper venue based on 28 USC 1391 and any other applicable law because Defendants and Evans & Clesi, APLC, reside within this judicial district and also because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

**Parties' Relationship to The Ritz-Carlton**

7.   In February 2009, Plaintiff became the interim or task force General Manager for The Ritz-Carlton, New Orleans ("RCNO").

8.   In February 2009, Defendant Danna was employed as the RCNO's Director of Engineering.

9.   In April 2009, Plaintiff accepted an offer to become the RCNO's permanent General Manager and held that position until February 2013, when he returned to live, reside and work in The Bahamas.

**Investigation Into Use of The Ritz-Carlton Furniture**

10.   No later than August 2009, Defendant Danna began communicating, making and publishing false and untrue allegations that Plaintiff had unlawfully taken and removed furniture ("the furniture") from the Annex building located next to the RCNO building in June 2009 and was using that furniture at his newly leased personal residence in New Orleans.

11.   In response to Defendant Danna's assertions, Kevin Richeson ("Mr. Richeson"), Ritz-Carlton's Regional Vice-President of Human Resources, personally investigated Plaintiff's removal and use of the hotel furniture in August 2009.

12. During Mr. Richeson's investigation, Tony Farris ("Mr. Farris"), an authorized representative of the RCNO's owner, confirmed that he had given Mr. Miller permission to remove the furniture from the RCNO and use that furniture at his newly leased residence.

13. In October 2009, Mr. Richeson, as Ritz-Carlton's Regional Vice-President of Human Resources, contacted and reported to Mr. Danna that his "investigation into the furniture was complete and that Ownership had given Russell permission to use the furniture."

**Allegations of Criminal Conduct**

14. For reasons unrelated to Plaintiff's removal and use of the aforementioned furniture, Ritz-Carleton terminated Defendant Danna's employment on February 4, 2010.

15. Following his employment termination, Mr. Danna again began communicating, making and publishing false and untrue allegations that Plaintiff had unlawfully and illegally taken and removed furniture from the RCNO Annex in June 2009.

16. Beginning in May 2010, Defendant Evans as counsel for Mr. Danna communicated, made and published communications in which he falsely alleged on Mr. Danna's behalf that Mr. Danna's employment with Ritz-Carlton had been terminated in violation of the Louisiana whistleblower law, La.R.S. 23:967.

17. On January 31, 2011, Defendant Evans filed a Petition ("original Petition") in the matter entitled *Deon Danna v. The Ritz-Carlton Company, LLC, et al.*, in the Civil District Court for the Parish of Orleans, State of Louisiana, Civil Docket No. 2011-1015, Division "N" (the "CDC Lawsuit").

18. In the original Petition, Defendant Evans name The Ritz Carlton Hotel Company, L.L.C. ("Ritz-Carlton), Marriott International, Inc. (Marriott"), Zachary Curry ("Mr. Curry") and

Mr. Miller as defendants, who collectively may be referred to herein as the "CDC Lawsuit Defendants."

19. In paragraph 5 of the original Petition, Defendants allege that CDC Lawsuit Defendants had wrongfully terminated Mr. Danna's employment on February 4, 2010 in violation of the Louisiana whistleblower law, La.R.S. 23:967.

20. In paragraph 4 of the original Petition, Defendants allege that "Deon Danna was wrongfully fired by the Ritz-Carlton New Orleans General Manager Russell Miller, who was assisted by Hotel Manager Zachary Curry, all in retaliation for petitioner reporting that Mr. Miller had stolen property of The Ritz-Carlton New Orleans during 2009."

21. In paragraphs 18 and 19 of the original Petition, Defendants describe Mr. Danna's reporting of Mr. Miller's "theft of property."

22. In paragraph 30 of the original Petition, Defendants allege that Mr. Danna's "reporting of Mr. Miller's theft of hotel property clearly falls under the protection of Louisiana law."

23. In the prayer of the original Petition, Defendants request that that "there be judgment rendered against" all CDC Defendants for "an amount sufficient to compensate petitioner for the injuries and losses [Mr. Danna] suffered as a result of the wrongful retaliation, wrongful termination and slander and/or libel [Mr. Danna] experienced…."

24. On November 15, 2013, the CDC Lawsuit Defendants filed a Reconventional Demand seeking an award of attorney's fees and other relief against Mr. Danna pursuant to La. R.S. 23:967(D).

**Ripeness of the Defamation Action**

25. Until Mr. Danna's action was terminated, Mr. Miller was precluded from making or pursuing a damages claim (either by reconventional demand or by separate suit) for defamatory statements made about him during the litigation process. *Loew's, Inc. v. Don George, Inc.*, 237 La. 132, 155, 110 So.2d 553, 561 (La. 1959); *Thinkstream, Inc. v. Rubin*, 2006-1595 (La. App. 1st Cir. 9/26/07), 971 So. 2d 1092, 1103, *writ denied*, 2007-2113 (La. 1/7/08), 973 So. 2d 730.

26. A Reconventional Demand is an incidental demand pursuant to Louisiana Code of Civil Procedure 1031.

27. The state district court in the CDC Lawsuit deferred the Reconventional Demand pending the completion and exhaustion of all appeals, as allowed by Louisiana Code of Civil Procedure 1038, and has not yet adjudicated the Reconventional Demand.

28. Prior to commencement of the trial of the CDC Lawsuit on March 11, 2019, the state district court judge dismissed all claims against Marriott, Mr. Curry and Mr. Miller.

29. Thereafter, on March 11, 2019, a jury trial commenced on Mr. Danna's breach of contract, spoliation and whistleblower claims against Ritz-Carlton in the CDC Lawsuit.

30. To recover under the Louisiana whistleblower law, Mr. Danna was required to prove that Mr. Miller's removal and/or use of the furniture was a crime. La. R.S. 23:967(A).

31. In order for Miller and Ritz-Carlton to recover attorney fees and costs from Mr. Danna, there had to be a factual determination in the principal/main action "that [Ritz-Carlton's] act or practice was **not** in violation of the law." [Emphasis added.] La. R.S. 23:967(D).

32. Prior to deliberations, the judge presiding over the CDC Lawsuit specifically instructed the jury that "[t]he acts of employees are imputed to their employer, the Ritz-Carlton." General Closing Instructions, p. 9; Transcript, Supp. Vol. 13, p. 233.

33. At all times relevant to the offenses alleged in this Complaint, Mr. Miller was an employee of the Ritz-Carlton.

34. On April 1, 2019, the jury in the CDC Lawsuit returned a written verdict form revealing it answered "**NO**" to Jury Interrogatory No. 3, which inquired as follows: "Did [Defendant Danna] prove by a preponderance of the evidence that Ritz-Carlton *through its employee, Russell Miller*, committed the crime of theft or unauthorized use of a movable?" [Italics added.]

35. On May 1, 2019, the District Court in the CDC Lawsuit rendered a Judgment founded upon the jury's April 1, 2019, verdict.

36. Although Mr. Miller's Reconventional Demand against Defendant Danna was still pending, Defendant Danna never appealed the District Court's pre-trial dismissal of his breach of contract, spoliation or whistleblower claims against Mr. Miller in the CDC Lawsuit.

37. The instant Defendants and Ritz-Carlton thereafter filed separate appeals with the Louisiana Fourth Circuit Court of Appeal with respect to the District Court's May 1, 2019 judgment in the CDC Lawsuit.

38. Mr. Miller, Zachary Curry and Marriott International, Inc. filed a separate appeal from the District Court's February 11, 2020 Judgment denying their post-trial Motion to Tax Costs filed in the CDC Lawsuit.

39. On March 24, 2021, the Louisiana Fourth Circuit Court of Appeal rendered its decision with respect to: the separate appeals filed by Ritz-Carlton, by the instant Defendants and by Mr. Miller, Mr. Curry and Marriott; and, Ritz-Carlton's writ application to that Court.

40. On October 1, 2021, the Louisiana Supreme Court denied the writs of certiorari and review separately filed by Ritz-Carlton and the instant Defendants in connection with the March 24, 2021 decision rendered by the Louisiana Fourth Circuit Court of Appeal.

41. Upon the denial of writs by the Louisiana Supreme Court's on October 1, 2021, the judgment on Defendant Danna's principal/main action became final and that action was legally terminated.

42. Once Mr. Danna's action was terminated on October 1, 2021, Mr. Miller's cause of action for defamation came into existence, and the prescriptive period for that claim commenced. *Loew's, Inc. v. Don George, Inc.*, 237 La. 132, 155, 110 So.2d 553, 561 (La. 1959); *Thinkstream, Inc. v. Rubin*, 2006-1595 (La. App. 1st Cir. 9/26/07), 971 So. 2d 1092, 1103, *writ denied*, 2007-2113 (La. 1/7/08), 973 So. 2d 730.

**Basis for Defamation Claims**

43. At the time he signed and filed the original Petition, Defendant Evans had failed to comply with the requirements of La. Code of Civil Procedure art. 863(B)(2) and (B)(3) with regard to his allegations that Mr. Miller had committed the crime of theft and/or of unauthorized use of the furniture removed from the RNCO Annex.

44. By letter dated June 25, 2010, seven months prior to his filing the original Petition, Defendant Evans was personally notified by a senior Ritz-Carlton representative that Mr. Danna's criminal allegations against Mr. Miller were investigated and that it was determined

no crime had been committed because Mr. Miller had received permission from the owner to remove and use the RNCO furniture at his personal residence.

45. At the time he drafted and filed the original Petition, Defendant Evans knew the criminal conduct allegations against Mr. Miller were false and/or Defendant Evans acted in reckless disregard as to the truth or falsity of those allegations.

46. The inclusion of criminal allegations against Mr. Miller in the original Petition was also reckless because Defendant Evans could have *later* added them by amendment if sufficient factual support for such defamatory allegations was developed through discovery.

47. During the pendency of the CDC Lawsuit and despite knowing that Mr. Miller had permission to remove and use the subject furniture, Defendants falsely, maliciously and in bad faith defamed Mr. Miller on a continuous basis by recklessly alleging and communicating to others that Mr. Miller had illegally removed and taken stored and unused furniture from the RCNO Annex without authority and in violation of Louisiana law.

48. Defendants falsely, maliciously and in bad faith alleged and communicated to others that Miller committed the crime of theft and/or unauthorized use of a movable by removing and using the RCNO's furniture at his newly leased residence.

49. During the pendency of the CDC Lawsuit, Defendants repeatedly communicated, stated and published false and untrue allegations that Mr. Miller's use of the furniture removed from the RCNO Annex constituted criminal and illegal conduct.

**Liability of K. Randall Evans, Esq., and Evans & Clesi, APLC**

50. Defendant Evans served as counsel of record for Defendant Danna, and all pleadings filed and discovery documents prepared on Defendant Danna's behalf in the CDC Lawsuit were authored and/or approved by Defendant Evans.

51. To the extent Defendant Danna claims his continued references to the alleged criminal conduct of Mr. Miller was based upon the advice of Defendant Evans as his counsel, Defendant Danna's reliance on that advice was as unreasonable as was the advice itself.

52. Mr. Miller is entitled to recover all damages, special damages (including but not limited to attorney's fees) and other relief allowed by law against and from Defendants for their continuous actions, communications and conduct in falsely and maliciously defaming Mr. Miller.

53. Mr. Miller is entitled to recover all damages, special damages (including but not limited to attorney's fees) and other relief allowed by law against and from Defendants for their continuous actions, communications and conduct in maliciously prosecuting the criminal conduct allegations against Mr. Miller.

54. At all times relevant to this Complaint, Defendant Evans was an employee of Evans & Clesi, APLC, and was acting within the course and scope of said employment while providing legal services to Defendant Danna.

55. Evans & Clesi, APLC, is vicariously liable for all damages, special damages (including but not limited to attorney's fees) and other relief allowed Mr. Miller by law as a result of Defendant Evans' continuous actions, communications and conduct in falsely and maliciously defaming Mr. Miller.

56. Evans & Clesi, APLC, is vicariously liable for all damages, special damages (including but not limited to attorney's fees) and other relief allowed Mr. Miller by as a result of Defendant Evans' continuous actions, communications and conduct in falsely and maliciously prosecuting the criminal conduct allegations against Mr. Miller.

57. Defendant Danna, Defendant Evans and Evans & Clessi, APLC, are solidarily bound for the injuries and damages suffered by Plaintiff arising from their defamatory statements and malicious prosecution of the criminal conduct allegations against Plaintiff.

**WHEREFORE**, Russell Miller, Plaintiff, through his undersigned counsel, respectfully requests that this Complaint be deemed to be good and sufficient, that summons be issued to Deon D. Danna, Sr., Defendant, to K. Randall Evans, Defendant, and to Evans & Clesi, A Professional Law Corporation, Defendant, and that after all said defendants are duly served and appropriate proceedings are conducted, that judgment be granted and rendered in his favor of Plaintiff and against said defendants, jointly and *in solido*, awarding Plaintiff general damages, special damages (including, but not limited to, attorney's fees), judicial interest and any other relief allowed by law, plus all taxable costs.

Respectfully submitted,

s/Sean Duvall Fagan
SEAN DUVALL FAGAN (La. Bar #20806)
Locke Meredith, Sean Fagan & Associates
1300 Millerville Road
Baton Rouge, LA 70816
Email: sean.fagan@lockemeredith.com
Tel. (225) 272-5555
Fax: 225-272-5990

Please Prepare Summons for:

Deon D. Danna, Sr.
1539 DeBattista Place
New Orleans, Louisiana 70131

K. Randall Evans
Evans & Clesi
336 Lafayette Street
Suite 200
New Orleans, Louisiana 70130

Evans & Clesi, A Professional Law Corporation
through its registered agent,
Kenneth Randall Evans
1221 Webster
New Orleans, Louisiana 70118