UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RUSSELL MILLER | * | CIVIL ACTION |
| VERSUS | * | NO. 22-687 |
| DEON D. DANNA SR., ET AL. | * | SECTION "E" (2) |

**ORDER AND REASONS**

Defendant Deon D. Danna Sr.'s Motion for Attorneys' Fees and Costs (ECF No. 37) is pending before me in this matter. The motion was scheduled for submission on January 4, 2023. As of this date, Plaintiff has not filed an Opposition Memorandum, and the deadline for same expired on Tuesday, December 27, 2022. *See* E.D. La. L.R. 7.5.

**I.  BACKGROUND**

Defendant seeks to recover $2,056.50 in costs and fees for 5.7 hours incurred in connection with filing a successful Motion to Compel. ECF No. 37-1 at 1, 5; *see also* ECF Nos. 30, 33. However, Defendant submits an affidavit of counsel reflecting only 3.9 hours spent on two Rule 37 conferences, drafting the deficiency letter, and preparing the motion to compel, for a total of $1,756 as well as billing records reflecting that time plus another .8 hours at $300 relating to communications about outstanding discovery. *See* ECF Nos. 37-2 at 2; 37-3 at 2, 5-6.

**II.  APPLICABLE LAW AND ANALYSIS**

If a motion to compel is granted, Rule 37(a) allows the court to award "reasonable expenses incurred in making the motion, including attorney's fees" after affording the parties an opportunity to be heard. Fed. R. Civ. P. 37(a)(5)(A). To determine a reasonable fee, the court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual

1

determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit.[1]

### A. The Lodestar Method

The Supreme Court has specified that the "lodestar" calculation is the "most useful starting point" for determining the award for attorney's fees.[2] Lodestar is computed by "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[3] The court should exclude all time that is excessive, duplicative, or inadequately documented.[4] "If more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized."[5]

The lodestar calculation, "provides an objective basis on which to make an initial estimate of the value of a lawyer's services."[6] Once the lodestar has been determined, the district court must consider the weight and applicability of the twelve factors delineated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[7] If the *Johnson* factors warrant an adjustment, the court may make modifications upward or downward to the lodestar.[8] "The lodestar

---

[1] *Leblanc v. Federal Ex Ground Packaging System, Inc.*, No. 19-13274, 2021 WL 5994966, at *1 (E.D. La. Apr. 12, 2021) (Douglas, M.J.) (citations omitted).
[2] *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Jimenez v. Wood Cnty.*, 621 F.3d 372, 379 (5th Cir. 2010) ("The determination of a fees award is a two-step process.  First, the court calculates the 'lodestar'. . .") (citations omitted), *reh'g en banc granted on other grounds*, 660 F.3d 481 (5th Cir. 2011).
[3] *Hensley*, 461 U.S. at 433;  *Jimenez*, 621 F.3d at 379–80 (citations omitted).
[4] *Jimenez*, 621 F.3d at 379–80 (citation omitted); *see also Hensley*, 461 U.S. at 434 ("Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, and otherwise unnecessary . . . .").
[5] *Abrams v. Baylor Coll. of Med.*, 805 F.2d 528, 535 (5th Cir. 1986) (citation and quotation omitted); *accord Phila. Indem. Ins. Co. v. SSR Hosp., Inc.*, 459 F. App'x 308, 317 (5th Cir. 2012); *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996).
[6] *Hensley*, 461 U.S. at 433.
[7] *Abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 91-93 (1989); *See Watkins v. Forcide*, 7 F.3d 453, 457 (5th Cir. 1993) (citations omitted).  The twelve Johnson factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-19.
[8] *Watkins*, 7 F.3d at 457 (citation omitted).

may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar award already took that factor into account."[9]  The lodestar is presumed to be a reasonable calculation and should be modified only in exceptional circumstances.[10]

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation of the hours reasonably expended and demonstrating the use of billing judgement.[11]  In this case, Plaintiff seeks to recover $2,056.50, with only $1,756 (or $2,056.50) supported by an affidavit (or billing records) showing the time spent and time billed. ECF Nos. 37-2; 37-3.  Of the $1,756 outlined in the affidavit, 2.5 hours or $937.50 relates to the costs incurred in connection with drafting and filing the Motion to Compel, .4 hours or $149.50 relates to Rule 37 conferences, and the remaining 2 hours or $669 relates to review of and identification of deficiencies in the underlying discovery as does the additional .8 ($300) identified on the billing records but omitted from the affidavit.  *See* ECF No. 37-2 at 2; 37-3 at 2, 5-6.

### B. <u>Lodestar Calculation</u>

#### 1. Reasonable Hourly Rate

The "appropriate hourly rate . . . is the market rate in the community for this work."[12]  The rate must be calculated "at the 'prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation.'"[13]  Satisfactory

---

[9] *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing *Shipes v. Trinity Indus.*, 987 F.2d 311, 319–20 (5th Cir. 1993)).
[10] *Watkins*, 7 F.3d at 457 (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).
[11] *Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F. Supp. 2d 279, 286 (E.D. La. 2008) (citing *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997); *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996)); *see also Hensley*, 461 U.S. at 437 (stating party seeking fee bears the burden of documenting and supporting the reasonableness of all time expenditures for which compensation is sought).
[12] *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012)).
[13] *Int'l Transp. Workers Fed'n v. Mi-Das Line, SA*, No. 13–00454, 2013 WL 5329873, at *3 (E.D. La. Sept. 20, 2013) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)).

evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits.[14]

If the hourly rate is not opposed, it is *prima facie* reasonable.[15] Plaintiff did not oppose Defendant's motion, and thus, the hourly rates of $375 for a partner and $240 for an associate are deemed prima facie reasonable.

### 2. Hours Reasonably Spent on Litigation

The exhibits reflect that Defendant seeks to recover not only for the time associated with the Motion to Compel, but also for time incurred in reviewing the underlying discovery and discussing same with opposing counsel. Rule 37(a) only allows a court to award fees and expenses incurred in securing the order compelling discovery.[16] Thus, when the motion for attorneys' fees is in connection with a Rule 37(a) motion to compel, the reasonable hours recoverable under Rule 37 are limited to only those hours "directly connected to the motion to compel."[17] Accordingly, only the 2.5 hours in connection with drafting and filing the motion to compel and the .4 hours spent during the Rule 37 conferences are directly related to securing the order compelling discovery and thus compensable, not the time incurred in reviewing the underlying discovery.

The court further finds that 2.9 hours incurred in connection with securing the order compelling discovery is reasonable for the work associated with the Motion to Compel.

---

[14] *Blum*, 465 U.S. at 896 n.11.
[15] *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995); *Powell v. Comm'r*, 891 F.2d 1167, 1173 (5th Cir. 1990) (citation omitted).
[16] *See Liew v. Breen*, 640 F.2d 1046, 1051 (9th Cir. 1981); *see also American Hangar, Inc. v. Basic Line, Inc.* 105 F.R.D. 173, 175–76 (D. Mass. 1985) (stating that Rule 37(a) only provides for the expenses in bringing the motion, not for expenses relating to the underlying discovery dispute); *SCM Societa Commerciale S.P.A. v. Indus. & Commercial Rsch. Corp.,* 72 F.R.D. 110, 112 n.3 (N.D. Tex. 1976) (stating Rule 37(b) provides for a wider range of sanctions than does Rule 37(a)).
[17] *Leblanc*, 2021 WL 5994966 at *3 (citations omitted) (awarding costs for time spent in preparing and filing motion as well as required Rule 37 conference); *see also Stagner v. W. Kentucky Navigation, Inc.*, No. 02-1418, 2004 WL 253453, at *6 (E.D. La. Feb. 10, 2004) ("However, Rule 37(a) does not contemplate costs incurred by the party in the normal course of litigation, absent a direct relation to the motion to compel.").

    C. **Adjusting the Lodestar**

The Court has carefully evaluated the *Johnson* factors and finds no adjustment of the lodestar is warranted.

**III.**   **CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendant Deon D. Danna Sr.'s Motion to Fix Attorneys' Fees and Costs (ECF No. 37) is GRANTED IN PART AND DENIED IN PART as stated herein. Defendant is awarded reasonable attorneys' fees and expenses in the amount of $1,087.00.

IT IS FURTHER ORDERED that Plaintiff satisfy the obligation to Defendant no later than twenty-one (21) days from the issuance of this Order.

New Orleans, Louisiana, this 4th day of January, 2023.

                                            DONNA PHILLIPS CURRAULT
                                            UNITED STATES MAGISTRATE JUDGE