UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RUSSELL MILLER | * | CIVIL ACTION |
| VERSUS | * | NO. 22-687 |
| DEON D. DANNA SR., ET AL. | * | SECTION "E" (2) |

## REPORT AND RECOMMENDATION

Pending before me is Defendant Deon D. Danna Sr.'s Motion for Contempt Sanctions and for Attorneys' Fees and Costs. ECF No. 43. Plaintiff timely filed a Response (ECF No. 46), and Defendant Danna filed a Reply Memorandum. ECF No. 53. Although no party requested oral argument in accordance with Local Rule 78.1, the Court held a status conference on February 2, 2023 to discuss the pending motion and related issues and thereafter took the matter under advisement.

Having considered the record, the oral and written arguments of counsel, and the applicable law, IT IS RECOMMENDED that Defendant's motion be GRANTED IN PART AND DENIED IN PART as follows.

**I.     BACKGROUND**

Plaintiff filed this defamation action on March 16, 2022 against his former co-worker Deon D. Danna Sr. and Mr. Danna's former counsel in a state court whistleblower action, K. Randall Evans and Evans & Clesi, A Professional Law Corporation. ECF No. 1 ¶¶ 2-4. Plaintiff alleged that Danna made false and defamatory statements about Plaintiff, both before and after his termination from employment at the Ritz-Carlton hotel, and that his counsel improperly published those claims in the state court proceeding. *Id.* ¶¶ 10-24. After Defendants executed waivers of service, the Court issued a Scheduling Order establishing a discovery deadline of February 7, 2023, and trial date of April 24, 2023. ECF Nos. 5-7, 16.

1

Defendants sought to conduct discovery, but Plaintiff has not cooperated or participated in the discovery process. When Plaintiff failed to answer Defendant Danna's discovery requests, Danna filed a Motion to Compel, which this Court granted and awarded $1,087.00 in costs incident to the motion to compel. ECF Nos. 30, 33, 37, 42. Despite this Court's Order directing Plaintiff to provide responses within 7 days, Plaintiff has failed to do so. ECF No. 43-1 at 2. Likewise, when Defendant Evans and his law firm sought to obtain discovery, Plaintiff again ignored their requests, forcing them to incur the cost and expense of filing a Motion to Compel, which was also granted. ECF Nos. 35, 38. Plaintiff has evidently failed to comply with that Order as well. In addition, after providing a month's notice of deposition, Plaintiff's counsel advised that Plaintiff would not appear on the day before the scheduled deposition. ECF No. 53 at 3. Likewise, Plaintiff has failed to file a Witness or Exhibit List as required by the Scheduling Order.

Defendant Danna now seeks sanctions of contempt and/or dismissal of Plaintiff's claims. ECF No. 43. In response, Plaintiff's counsel indicates that his client has been unable to participate in this case due to work and family obligations. The Opposition indicates Plaintiff offered to voluntarily dismiss the action with prejudice if Defendants would forego any effort to collect the fee award previously issued. ECF No. 46 at 1-2. During the status conference, it was clear that the discovery failures are the result of Plaintiff's own conduct and failure to participate, not the fault of counsel.

## II.    APPLICABLE LAW AND ANALYSIS

Federal courts have inherent powers necessary to achieve the orderly and expeditious disposition of their docket, which includes the authority to punish for contempt in order to maintain obedience to court orders and the authority to impose reasonable and appropriate sanctions on

errant lawyers practicing before the court.[1]  "The judicial contempt power is a potent weapon" that should not be used unless a specific aspect of the court's order has been "clearly violated."[2]  In addition, Rule 37 expressly authorizes sanction against a party for violation of a discovery order.[3]  Under Rule 37, the Court may issue an order:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2)(A).  Rule 37(b)(2)(C) authorizes the court to impose a concurrent sanction of reasonable expenses, including attorneys' fees, caused by the failure to obey a discovery order,[4] "unless the failure was substantially justified or other circumstances make an award of expenses unjust."  FED. R. CIV. P. 37(b)(2)(C).

"Contempt is characterized as either civil or criminal depending on its 'primary purpose.'"[5]  Whether a sanction is civil or criminal is determined by looking to the character of the relief.[6]  Generally, criminal contempt is designed to vindicate the authority of the court.[7]  It is punitive and typically punishes a contemnor for past disobedience.[8]  Criminal contempt is a crime and includes criminal penalties that may not be imposed without observance to those Constitutional protections

---

[1] *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 86 F.3d 464, 467 (5th Cir. 1996) (citations omitted).
[2] *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 383 (5th Cir. 1999) (internal quotations and citations omitted).
[3] *See Sandoval v. Carrco Painting Contractors*, No. 16-00159, 2016 WL 8679288, at *1 (W.D. Tex. Nov. 16, 2016) (citing *Lyn-Lea Travel Corp. v. Am. Airlines, Inc..*, 283 F.3d 289, 290 (5th Cir. 2002)) (upholding civil contempt order imposed as sanction for violation of a protective order).
[4] *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012) (citation omitted).
[5] *In re Collier*, 582 F. App'x 419, 422 (5th Cir. 2014) (citation omitted).
[6] *Ravago Americas L.L.C. v. Vinmar Int'l Ltd*., 832 F. App'x 249, 254 (5th Cir. 2020).
[7] *Id*. (citing *Ingalls v. Thompson (In re Bradley)*, 588 F.3d 254, 263 (5th Cir. 2009)).
[8] *Id.*

afforded to criminal proceedings.[9] In contrast, civil contempt can either be compensatory or coercive. To be compensatory, it must remedy losses sustained.[10] Where coercive, civil contempt is designed to pressure the contemnor into compliance with a court order.[11] Coercive civil contempt is avoidable through obedience.[12] Civil contempt may be imposed in ordinary civil proceedings upon notice and an opportunity to be heard.[13] Distinguishing between criminal and civil contempt is not always clear, as even purely compensatory punishment also vindicates the court's authority, just as when punishment is solely punitive, there may be incidental benefit to the complainant and deterrence of future disobedience.[14]

The standard of proof for civil contempt is clear and convincing evidence, which is "that weight of proof which produces in the mind of the trier of fact a firm belief or conviction . . . without hesitancy, of the truth of the precise facts of the case."[15] Intent is not an element of civil contempt; the issue is whether the alleged contemnor has complied with the court's order.[16] Indeed, even an unintentional violation of a discovery order may lead to civil sanctions, though the court should consider the degree of willfulness in determining the appropriate sanction.[17]

---

[9] *See id.*
[10] *Id.*; *see also Quilling v. Funding Res. Grp.*, 227 F.3d 231, 234 (5th Cir. 2000).
[11] *Ravago.*, 832 F. App'x at 254.
[12] *Id.*; *In re Stewart*, 571 F.2d 958, 963 (5th Cir. 1978) (citations omitted); *Lyn-Lea Travel Corp.*, 283 F.3d at 290–91 (citations omitted) ("A contempt order is civil in nature if the purpose of the order is (1) to coerce compliance with a court order or (2) to compensate a party for losses sustained as a result of the contemnor's actions.").
[13] *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 826–27 (1993).
[14] *Ravago*, 832 F. App'x at 254.
[15] *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995) (internal quotation marks omitted); *see also Moawad v. Childs*, No. 00-60365, 2001 WL 498491, at *1 (5th Cir. Apr. 9, 2001) (characterizing clear and convincing evidence as "that 'weight of proof which produces in the mind of the trier of fact a firm belief or conviction as to truth of the allegations sought to be established, evidence so clear, direct, weighty and convincing as to enable [the] fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case.'") (quoting *Travelhost, Inc.*, 68 F.3d at 961); *accord Hornbeck Offshore Servs., L.L.C. v. Salazar*, 713 F.3d 787, 792 (5th Cir. 2013) (citation omitted); *Am. Serv. Mktg. Corp. v. Bushnell*, No. 09–3097, 2009 WL 1870887, at *2 (E.D. La. June 25, 2009) (Engelhardt, J.) (denying contempt order based on lack of clear and convincing evidence).
[16] *See Whitfield v. Pennington*, 832 F.2d 909, 913 (5th Cir. 1987) (citation omitted).
[17] *Walle Corp. v. Rockwell Graphics Sys.*, No. 90-2163, 1992 WL 165678, at *2 (E.D. La. July 6, 1992) (citations omitted).

Sanctions are proper where clear and convincing evidence indicates (1) that a court order was in effect, (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court order.[18] Rule 37(b)(2)(A)(v) authorizes dismissal of a case as a sanction for violating a discovery order when (1) the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct; (2) the violation of the discovery order is attributable to the client, as opposed to counsel; (3) the non-compliant party's conduct substantially prejudices the opposing party; and (4) a less drastic sanction would not substantially achieve the desired deterrent effect.[19]

As dismissal with prejudice is a severe sanction that deprives a litigant of the opportunity to pursue his claim, it is only appropriate where "lesser sanctions would not serve the best interests of justice."[20] The Fifth Circuit has noted that a judge should use the draconian remedy of dismissal with prejudice only in extreme circumstances.[21] "Deliberate, repeated refusals to comply with discovery orders have been held to justify the use of this ultimate sanction."[22] Ultimately, the district court "has broad discretion . . . to fashion remedies suited to the misconduct."[23] Dismissal with prejudice is proper when a plaintiff demonstrates a pattern of contumacious conduct,

---

[18] *Lyn-Lea Travel Corp.*, 283 F.3d at 291 (citing *FDIC v. LeGrand*, 43 F.3d 163, 165 (5th Cir. 1995)); *Travelhost, Inc.*, 68 F.3d at 961. Courts also require a showing of damages resulting from the violation. *Harrell v. CheckAGAIN, LLC*, No. 03-0466, 2006 WL 5453652, at *2 (S.D. Miss. July 31, 2006) (citation omitted); *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992) (citations omitted); *Whitfield,* 832 F.2d at 913.
[19] *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380–1381 (5th Cir.1994) (citing *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir.1990)); *see also Prince v. Poulos*, 876 F.2d 30, 32 (5th Cir. 1989) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642 (1976). The Rule allows the court to impose lesser sanctions while concurrently awarding expenses, neither of which require a showing of willfulness. *See Smith & Fuller, P.A.*, 685 F.3d at 488.
[20] *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 77 (5th Cir. 2011) (internal quotation and citation omitted).
[21] *See Griffin*, 564 F.2d 1171,1172 (5th Cir. 1977) (citation omitted); *Roy v. ADM Grow Mark*, 211 F.3d 593, 2000 WL 329273, at *3 (5th Cir. 2000) (collecting cases).
[22] *Bonaventure v. Butler*, 593 F.2d 625, 626 (5th Cir. 1979) (dismissal affirmed where plaintiff three times refused to appear for a deposition); *see also Jones v. La. State Bar Ass'n*, 602 F.2d 94 (5th Cir.1979) (per curiam) (dismissal where plaintiff deliberately refused two orders to produce recordings and documents he possessed); *Emerick v. Fenick Indus.*, 539 F.2d 1379 (5th Cir. 1976) (default entered where defendant ignored three orders to produce documents); *see also Pegues v. PGW Auto Glass, L.L.C.*, 451 F. App'x 417, 418, 2011 WL 5903455, at *1 (5th Cir. 2011) (dismissal where plaintiff failed to allow the defendants to depose him).
[23] *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990).

noncompliance with court orders, and a general refusal to cooperate in the discovery process that prevents timely and appropriate trial preparation.[24]

In addition, Rule 41(b) authorizes the Court to dismiss a case with prejudice when the plaintiff fails to prosecute or to comply with the Federal Rules of Civil Procedure or a court order. "Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion."[25] The Fifth Circuit has recognized that the district court does not abuse its discretion in involuntarily dismissing a plaintiff's suit with prejudice when the plaintiff has failed to comply with several court orders or court rules.[26] A dismissal with prejudice under Rule 41(b) requires a showing of a clear record of delay or contumacious conduct by the plaintiff and lesser sanctions would not serve the best interests of justice.[27]

## III.   ANALYSIS

This is not a case where a party simply failed to comply with a few court orders. As outlined above, this case involves a complete failure to engage in the discovery process by Plaintiff, who initiated suit. Despite several orders requiring discovery responses and ordering payment of fees due to the failure to respond, Plaintiff has done nothing. He did not even appear for his own deposition. Plaintiff has offered no justifiable reason for that conduct, other than unspecified family obligation and work demands. Plaintiff's work obligations and unspecified family obligations are no excuse for his complete lack of regard for the judicial process. In addition, Plaintiff has not been deterred by imposition of fees as he has ignored that order as well.

---

[24] *Doe v. Am. Airlines*, 283 F. App'x 289, 292 (5th Cir. 2008).
[25] *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) (citing *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 251 (5th Cir. 1984) (internal citation omitted)).
[26] *See, e.g., Price v. McGlathery*, 792 F.2d 472, 474–75 (5th Cir. 1986) (clear record of delay and contumacious conduct where counsel failed to file pretrial order, failed to appear at a pretrial conference, and failed for almost a year to certify that he would comply with the district court's order); *Callip v. Harris Cty. Child Welfare Dep't.*, 757 F.2d 1513, 1515–17, 1521 (5th Cir. 1985) (clear record of delay or contumacious conduct where counsel failed to comply with nine deadlines imposed by the rules of procedure or by orders of the court).
[27] *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (quoting *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) (internal quotation and citation omitted)).

Given Plaintiff's continuing contumacious conduct reflecting a refusal to engage in discovery and a stubborn resistance to authority by his continued refusal to comply with three court orders, which violations are attributable to Plaintiff himself, not his counsel, dismissal with prejudice is appropriate. Plaintiff's refusal to engage in discovery or submit to deposition has prejudiced defendants and precluded them from properly and timely preparing for trial. The Court has previously imposed lesser sanctions (e.g., orders to comply and fee awards), yet Plaintiff continues to refuse to engage in the process.

In addition, Plaintiff's Opposition makes clear that Plaintiff is amendable to dismissal of this matter with prejudice, and he recognizes that he is not available to engage in the litigation process. ECF No. 46 at 1-2. For these reasons, dismissal with prejudice, as essentially requested by Plaintiff's Opposition, is proper.

## IV.  CONCLUSION

Accordingly, for the foregoing reasons,

IT IS RECOMMENDED that Defendant's Motion (ECF No. 43) be GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER RECOMMENDED that his claims be DISMISSED WITH PREJUDICE.

### NOTICE OF OPPORTUNITY TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[28]

New Orleans, Louisiana, this __3rd__ day of February, 2023.

*signature*

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[28] *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).